1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WENDY GABRIELA HIGAREDA                 No.  1:26-cv-00937-DAD-CKD
     ESPINOZA,
12
               Petitioner,
13                                           ORDER GRANTING PETITIONER'S
           v.                                MOTION FOR A TEMPORARY
14                                           RESTRAINING ORDER
     CHRISTOPHER CHESTNUT, et al.,
15                                           (Doc. No. 2)
               Respondents.
16

17

18          On February 3, 2026, petitioner filed a petition for a writ of habeas corpus and a motion

19   for a temporary restraining order, in which she requests her immediate release.  (Doc. Nos. 1, 2.)

20   That same day, the court set a briefing schedule for the motion for a temporary restraining order

21   and directed respondents to address whether any provision of law or fact in this case would

22   distinguish it from this court's decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-

23   AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), ), where the court concluded that due

24   process required a pre-detention hearing to protect the petitioner's liberty interest in his continued

25   release after he was released on his own recognizance, or *Chavarria v. Chestnut*, No. 1:25-cv-

26   01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), where the court concluded that

27   petitioner was likely to succeed on the merits of his claim that he obtained a liberty interest in his

28   /////

                                                1

continued release when he was released on parole and that his continued detention without written notice and a hearing was unlawful.  (Doc. No. 6.)

Here, petitioner entered the United States on July 14, 2023.  (Doc. No. 2-3 at 4.)  That same day, she was issued a notice to appear for removal proceedings by the Department of Homeland Security ("DHS") and released on parole.  (*Id.* at 4, 17.)  Petitioner was not re-detained until December 29, 2026, when Immigration and Customs Enforcement ("ICE") officers arrived at her home.  (Doc. No. 2-4 at 6.)  Petitioner was not provided with notice or a determination by a neutral decision-maker that a change in circumstances rendered her a flight risk or a danger to the community.  (Doc. No. 2-1 at 6.)  On January 7, 2026, an Immigration Judge ("IJ") denied petitioner's request for release on bond because the IJ determined that he lacked jurisdiction over her case, citing Matter of YAJURE HURTADO, 29 I&N Dec. 216 (BIA 2025), which held that immigration judges lack authority to grant bond to certain noncitizens pursuant to 8 U.S.C. § 1225(b)(2)(A).

Respondents filed their opposition to petitioner's motion for a temporary restraining order on February 4, 2026.  (Doc. No. 7.)  Respondents argue that this case is distinguishable from this court's decisions in *Ayala Cajina* and *Chavarria* because in those cases, the petitioners were not given a bond hearing before an IJ, whereas in this case, petitioner was provided a bond hearing and has preserved her right to appeal the IJ's decision to the Board of Immigration Appeals ("BIA").  (Doc. No. 7 at 1–2.)

The court is persuaded by the reasoning in *Bekler v. Noem*, which found that the prudential exhaustion requirement with regard to a bond hearing should be waived as it would be futile to seek release by administrative means under similar circumstances.  No. 1:25-cv-01974-CDB (HC), 2026 WL 234949, at *7 (E.D. Cal. Jan. 29, 2026) (where the petitioner had been released on his own recognizance and the court ordered his immediate release); *see also Kumar v. Warden*, No. 1:26-cv-00035-KES-CDB, 2026 WL 279891, at *7 (E.D. Cal. Feb. 3, 2026) (waiving prudential exhaustion in part because the BIA recently held all noncitizens present in the United States without admission are "seeking admission" for purposes of 8 U.S.C. § 1225(b)(2)(A) and must be detained).  In this regard, the undersigned agrees that any exhaustion

1  requirement is properly waived since exhaustion would be futile under the circumstances of this

2  case.

3      The court incorporates by reference its prior analysis in *Chavarria*, 2025 WL 3533606, at

4  *2–5, and finds that petitioner is likely to succeed on the merits of her claim that her detention

5  without notice and a hearing violates due process.  The court further incorporates by reference its

6  analysis in *N.D.N. v. Bondi*, No. 1:25-cv-01587-DAD-CKD, 2025 WL 3251102, at *7 (E.D. Cal.

7  Nov. 21, 2025), and finds that the remaining *Winter* factors weigh in favor of granting a

8  temporary restraining order.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

9      For the reasons set forth above,

10  1.   Petitioner's motion for a temporary restraining order (Doc. No. 2) is GRANTED

11      as follows:

12      a.   Respondents are ORDERED to immediately release petitioner from

13          respondents' custody with the same conditions she was subject to

14          immediately prior to her re-detention on December 29, 2025;

15      b.   Respondents are ENJOINED AND RESTRAINED from re-detaining

16          petitioner for any purpose, absent exigent circumstances, without providing

17          petitioner notice and a pre-detention hearing before a neutral adjudicator;

18          and

19  2.   The parties are directed to meet and confer and, if possible, submit a joint

20      proposed briefing schedule and hearing date with respect to any motion for a

21      preliminary injunction no later than fourteen (14) days from the date of entry of

22      this order; and

23  3.   Under the circumstances of this case, petitioner will not be required to post bond

24      pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

25  IT IS SO ORDERED.

26  Dated:   **February 5, 2026**                    _Dale A. Drozd_

27                                                  DALE A. DROZD
                                                    UNITED STATES DISTRICT JUDGE

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28